**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILTON D. PLUMMER, an individual,<br><br>Petitioner - Appellant,<br><br>v.<br><br>E.K. MCDANIEL, Warden and NEVADA ATTORNEY GENERAL<br><br>Respondents - Appellees. | No. 09-15587<br><br>D.C. No. 3:05-cv-00610-HDM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted June 16, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and SAMMARTINO, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Janis L. Sammartino, United States District Judge for the Southern District of California, sitting by designation.

Milton Plummer appeals the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. A certificate of appealability was granted with respect to two issues: (1) whether Plummer properly exhausted his claim that his guilty plea was coerced and not entered knowingly, intelligently, or voluntarily; and (2) whether the district court properly concluded that Plummer's claim regarding the denial of his motion to withdraw his guilty plea failed to state a claim cognizable on federal habeas review. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Plummer did not exhaust his coercion claim. The claim was never fairly presented to the Nevada Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The issue addressed on direct appeal concerned the adequacy of Plummer's plea canvass. His state habeas petition presented the issue whether he understood his plea. And the pro per documents sent to the Nevada Supreme Court were never filed or considered.

We affirm the district court's decision to deny habeas relief based on the second claim because this claim was also not exhausted. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007) ("We may affirm on any ground present in the record.").

We do not address Petitioner's uncertified claim because he failed to "ma[k]e a substantial showing of a denial of a constitutional right" to warrant issuance of a certificate of appealability. *Rhoades v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010).

**AFFIRMED**.